UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISON

HILARY AKIN JACOBS, et al.,

  Plaintiffs,

  v.                                     Civil Action No. 1:25-cv-01270-SDG

CHUCK CATLIN, et al.,

  Defendants

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTIONS,
WITH SUPPORTING MEMORANDUM**

Plaintiffs Hilary Jacobs, Philip Jacobs, and Michael Weaver respectfully move for preliminary injunctions in accordance with FRCP 65, Counts VI and VII of Plaintiffs' Amended Complaint, and this Court's Standing Order Regarding Civil Litigation.

**INTRODUCTION**

All three Plaintiffs now seek injunctive relief from this Court. Plaintiffs Hillary and Philip Jacobs face the ongoing threat of prosecution (belatedly commenced against them on May 21, 2025, after Plaintiffs had filed this lawsuit on March 10, 2025 seeking to vindicate their constitutional rights), while Plaintiff Weaver lives under the constant threat of arrest in Georgia, unable to visit his ailing father owing to the threat of lawless state action. Plaintiffs' motion is supported by two affidavits, attached hereto: the Affidavit of Philip Matthew Jacobs; and the Affidavit of Michael Weaver.

The criteria for injunctive relief are well known: (1) whether the applicants have made a strong showing that they are likely to succeed on the merits, (2) whether the applicants will be

irreparably harmed absent the injunctive relief, (3) whether issuing the injunction will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies. *Democratic Executive Committee of Florida v. Lee*, 915 F.3d 1312, 1317 (11th Cir. 2019), *citing Nken v. Holder*, 556 U.S. 418, 434 (2009). The chief function of temporary restraining orders and preliminary injunctions "is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Robinson v. Att'y Gen*, 957 F.3d 1171, 1178-79 (11th Cir. 2020) (citations omitted). At the preliminary-injunction stage, a court may consider affidavits and hearsay evidence that would not be admissible for a permanent injunction and may grant the preliminary injunction without finding that the evidence positively guarantees that the plaintiff will succeed on its claims. *Warrior Trading, Inc. v. Jaffee*, No. 1:19-CV-20121-JLK, 2019 WL 3428509, at *3 (S.D. Fla. Jan. 23, 2019). "When a plaintiff brings multiple claims, a reviewing court must consider the plaintiff's likelihood of success on each claim in deciding a plaintiff's motion for preliminary injunction.... However, a plaintiff need only demonstrate a substantial likelihood of success on one of its claims to obtain a preliminary injunction." *Netchoice v. Carr*, 2025 WL 1768621 (N.D. Ga. June 26, 2025), quoting *HOA Franchising, LLC v. MS Foods, LLC*, 2023 WL 9692401, at *8 (N.D. Ga. Dec. 20, 2023).

I. **PLAINTIFFS HAVE SHOWN A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS.**

In their separate Motion for Leave to File an Amended Complaint and Memorandum in Opposition to Defendants' Motion to Dismiss, filed on the same day with this motion for preliminary injunctions, Plaintiffs, discussing in detail the factual allegations in their Amended Complaint and the facts set forth in the Jacobs and Weaver affidavits, explained why their John Doe pleading was permissible; why their Amended Complaint demonstrates the merits of their

First Amendment Retaliation claim; why they are entitled to a Declaratory Judgment; why Defendants' invocation of Qualified Immunity fails; and why abstention is not required or appropriate. To avoid needless duplication, Plaintiffs ask to incorporate this discussion by reference into this motion. They respectfully submit that they thereby demonstrate overwhelming likelihood of success, beyond mere the possibility of success.

"Because the plaintiff[ ] ha[s] shown a likelihood of success on the merits, the remaining requirements necessarily follow." *Honeyfund.com Inc. v. Governor of Fla.*, 94 F.4th 1272, 1283 (11th Cir. 2024), quoted in *Netchoice*, 2025 WL 1768621 at * 20

## II. PLAINTIFFFS HAVE SHOWN IRREPARABLE HARM.

In the oft quoted words of *Elrod v. Burns*, 427 U.S. 347, 373 (1976): "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *See also Netchoice*, 2025 WL 1768621 at * 20 (quoting *Elrod v. Burns*).

## III. THE BALANCE OF EQUITIES AND PUBLIC INTEREST FACTORS WEIGH HEAVILY IN PLAINTIFFS' FAVOR.

As to the third and fourth factors, the balance-of-equities and public-interest factors "merge when the Government is the opposing party" (*Nken v. Holder*, 556 U.S. 418, 435 (2009)) as here, and "securing First Amendment rights is in the public interest." *N.Y. Progress & Prot. PAC v. Walsh*, 733 F.3d 483, 488 (2nd Cir. 2013). Moreover, there is no substantial injury to Defendants whatever. In fact, it is tomfoolery for the state court criminal prosecution to proceed until this Court rules on Plaintiffs' First Amendment rights. Plaintiffs acted expeditiously in submitting their constitutional claim to this Court on March 10, 2025, while Defendants delayed until May

21, 2025 before formally commencing the criminal prosecution of the Plaintiffs Mr. and Mrs. Jacobs. As such, Plaintiffs are entitled to have this Court determine the constitutional issue:

> There are fundamental objections to any conclusion that a litigant who has properly invoked the jurisdiction of a Federal District Court to consider federal constitutional claims can be compelled, without his consent and through no fault of his own, to accept instead a state court's determination of those claims… "When a Federal court is properly appealed to in a case over which it has by law jurisdiction, it is its duty to take such jurisdiction… The right of a party plaintiff to choose a Federal court where there is a choice cannot be properly denied." Nor does anything in the abstention doctrine require or support such a result.
>
> *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 415 (1964), *quoting Willcox v. Consolidated Gas Co.*, 212 U.S. 19, 40 (1909).

As to Plaintiff Weaver, no state court criminal action has even been commenced against him because no accusation or indictment has been filed. *Davis v. State*, 307 Ga. 784, 787-88 (Ga. 2020) (prosecutor must initiate an action, through an indictment or accusation, before a person can file a pleading, such as a plea in bar, challenging such a prosecution). As to Plaintiffs Mr. and Mrs. Weaver, the long-delayed and barely begun criminal action against them is manifestly in bad faith and based on a patently unconstitutional interpretation of the Georgia littering statute.

Thus, Defendants are manifestly not harmed by determining the constitutional question in this Court, for its resolution may – in all likelihood will – render their attempts to harass Plaintiffs with state court criminal prosecutions moot. Defendants themselves will benefit from the conservation of resources, rather than needlessly burdening themselves with a bootless prosecution that the federal court will almost certainly render moot.

Plaintiffs, accordingly, respectfully ask that Defendants be enjoined from further attempts to serve warrants on Mr. Weaver based on charges of "littering," as described in the Amended Complaint, and enjoined further from further prosecution of the bad faith and unconstitutional

prosecution of Mr. and Mrs. Jacobs until a final adjudication takes place concerning the statutory validity and constitutionality of Defendants' actions and prosecution.

Respectfully submitted,

/s/

Charles Randall Sheppard, Esq.
P. O. Box 1697
Evans, GA 30809
Georgia State Bar Number 64193

/s/

Glen K. Allen, Esq.
5423 Springlake Way
Baltimore, MD 21212
(Pro hac vice application pending)

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July, 2025, true copies of the foregoing were sent to Defendants' Counsel via Electronic Service in accordance with PACER procedures.

/s/

Charles Randall Sheppard, Esq.
P. O. Box 1697
Evans, GA 30809
Georgia State Bar Number 641938

/s/

Glen K. Allen, Esq.

5423 Springlake Way

Baltimore, MD 21212

(Pro hac vice application pending)